IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF TENNESSE
NASHVILLE DIVISION

IVORY HARBISON,

Plaintiff,

CASE NO.:

vs.

U.S. BANK, NATIONAL ASSOCIATION,

Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, IVORY HARBISON, by and through the undersigned counsel, and sues Defendant, U.S. BANK NATIONAL ASSOCIATION, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like U.S. BANK NATIONAL ASSOCIATION from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

1

telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Davidson County, Nashville, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C.

2

§1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee residing in Davidson County, Nashville.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, Ohio 45202 and which conducts business in the State of Tennessee.

11. U.S. BANK NATIONAL ASSOCIATION called Plaintiff approximately 600 times in an attempt to collect a debt in connection with a U.S. Bank Secured Visa Card.

12. Upon information and belief, some or all of the calls U.S. BANK NATIONAL ASSOCIATION made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice

3

came on the line and/or she received prerecorded messages from U.S. BANK NATIONAL ASSOCIATION.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (615) ***-2782, and was the called party and recipient of Defendant's calls.

14. U.S. BANK NATIONAL ASSOCIATION placed an exorbitant amount of automated calls to Plaintiff's cellular telephone (615) ***-2782.

15. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

16. Plaintiff, IVORY HARBISON, is the subscriber, regular user and carrier of the cellular telephone number (904) ***-2305 and was the called party and recipient of Defendant's calls.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiffs will testify that they knew it was an auto-dialer because of the vast number of calls they received and because they heard a pause when they answered their phones before an agent/representative of Defendant came on the line and they received prerecorded messages from Defendant.

18. Sometime in or around July 2017, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number. Plaintiff spoke to an

4

agent/representative of Defendant and informed the agent/representative that she was recovering from brain surgery, was out of work at that time and could not afford to make any payments and that the calls to her cellular telephone were harassing and demanded that they cease calling her cellular telephone number.

19. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff on her cellular telephone, Defendant continues to place automated calls to Plaintiff.

20. Plaintiff's numerous conversations with Defendant's agent(s)/representative(s) over the telephone wherein she demanded a cessation of calls were in vain as Defendant continued to bombard her with automated calls unabated.

21. Plaintiff received numerous calls from Defendant wherein the agent/representative harassed her about her inability to make payment, despite Plaintiff explaining to Defendant's agent(s)/representative(s) that she was recovering from a brain aneurysm and that the repeated calls were causing her distress.

22. U.S. BANK NATIONAL ASSOCIATION has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or U.S. BANK NATIONAL ASSOCIATION, to remove the number.

23. U.S. BANK NATIONAL ASSOCIATION's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to U.S. BANK NATIONAL ASSOCIATION they do not wish to be called.

5

24. U.S. BANK NATIONAL ASSOCIATION has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

25. U.S. BANK NATIONAL ASSOCIATION has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

26. U.S. BANK NATIONAL ASSOCIATION has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

27. U.S. BANK NATIONAL ASSOCIATION's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from U.S. BANK NATIONAL ASSOCIATION call list.

28. U.S. BANK NATIONAL ASSOCIATION has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

29. Not one of U.S. BANK NATIONAL ASSOCIATION's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

30. U.S. BANK NATIONAL ASSOCIATION willfully and/or knowingly violated the TCPA with respect to Plaintiff.

31. From each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

6

32. From each and every call without express consent placed by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from U.S. BANK NATIONAL ASSOCIATION call.

33. From each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

35. Each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

36. Each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

37. Each and every call placed without express consent by U.S. BANK NATIONAL ASSOCIATION to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

38. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation while she was recuperating from brain surgery.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-eight as if fully set forth herein.

40. U.S. BANK NATIONAL ASSOCIATION willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified U.S. BANK NATIONAL ASSOCIATION that Plaintiff wished for the calls to stop

41. U.S. BANK NATIONAL ASSOCIATION repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone

8

dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against U.S. BANK NATIONAL ASSOCIATION for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Mark Lambert, Esquire*
Mark Lambert, Esquire
BPR #: 22509
Morgan & Morgan
1 Commerce Square, 26th Floor
Memphis, TN 38103
T: (901) 217-7000
F: (901) 333-1897
MLambert@forthepeople.com
amferrera@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff